U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2013 DEC -2 P 3: 21

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>RYAN NORMAND   ) | No. 1:13-cr-130-01-SM |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America by its attorney, John P. Kacavas, the United States Attorney for the District of New Hampshire, and the defendant, Ryan Normand, and the defendant's attorney, Michael Iacopino, Esquire, enter into the following Plea Agreement:

1. <u>The Plea and The Offense</u>.

The defendant agrees to waive his right to have this matter presented to a grand jury and plead guilty to an Information charging him with Making a False Statement during the Acquisition of a Firearm, in violation of 18 U.S.C. §922(a)(6).

2. <u>The Statute and Elements of the Offense</u>.

A.   **<u>False Statement During the Acquisition of a Firearm</u>**

Title 18, United States Code, Sections 922(a)(6) states in pertinent part: [It shall be unlawful] for any person, in connection with the acquisition ... of any firearm or ammunition from a ... licensed dealer ...knowingly to make any false or fictitious oral or written statement ... intended or likely to deceive such ... dealer ... with respect to any fact material to the lawfulness of the sale ... of such firearm or ammunition ... .

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

First: That the defendant knowingly made a false statement as charged in the Indictment;

Second: That at the time he made the statement, the defendant was trying to buy a firearm from a licensed dealer; and

Third: That the statement was intended to, or was likely to, deceive the licensed dealer about a fact material to the lawfulness of the sale.

D. Brock Hornby, Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Updated 6/26/13.

3. Offense Conduct.

The defendant stipulates and agrees that if this case proceeded to trial, the government would prove the following facts and those facts would establish the elements of the offense beyond a reasonable doubt:

On April 12, 2013, a Manchester Police officer initiated a defective equipment traffic stop of a van near Somerville Street in that city. During the stop, the officer noted that the front seat passenger, Garrett Gauthier, would not make eye contact and was extremely nervous. When asked for identification, Gauthier gave a false last name. During the course of the stop, he left the vehicle and ran on foot through the surrounding neighborhood. During pursuit, he fired one shot at the officer, who returned fire. Neither party having been injured, Gauthier was apprehended a short distance away. Subsequent investigation determined that he had possessed and discarded during his escape attempt, the following firearms:

Beretta Model PX4 Storm, .40 caliber, serial # PY105543

Beretta Model Nano, 9mm caliber, serial # NU005710

Witness Model P, .45 caliber, serial # EA16724

2

It was determined that the 9mm firearm had been fired during the chase. A trace of the Beretta PX4 showed that the weapon had been purchased by Ryan Normand on March 9, 2013 at Kittery Trading Post in Portsmouth, NH. The other weapons were determined to have been purchased by two unrelated individuals.

Following up on the shooting investigation, Manchester detectives contacted, the mother of Ryan Normand. She indicated that he was not at the residence and the detectives left contact information. Later that day, the detectives returned to the Normand residence to find a distraught Mrs. Normand. She had located several firearms under a bed spread in Ryan Normand's room and asked the detectives to remove them for safety reasons.

After a series of phone calls, Ryan Normand returned to the residence and consented to all of the weapons being taken from the home. He also voluntarily agreed to accompany the detectives to headquarters for an interview. At the station, Normand was told that he was not under arrest, was free to leave and could stop the interview at any time. The interview was recorded.

At the outset, the defendant attempted to mislead the detectives by stating that he bought the weapon as a "housewarming" gift for Gauthier. On further questioning however, he relented and admitted the following:

- He bought two guns at the Kittery Trading Post – the Beretta PX4 and a Smith &Wesson.
- He uses marijuana every day and made a false statement on the form 4473 pertaining to such activity.
- He knew that Gauthier was a drug dealer at the time he purchased the weapon for him.
- He received $200 for acquiring the Beretta for Gauthier and Gauthier also paid the

3

- cost for the Smith and Wesson that Normand kept.
- He also purchased a .22 caliber rifle for Gauthier at Riley's Guns with Gauthier paying the cost of the weapon.
- Gauthier accompanied him to the gun stores and selected which weapons he wanted.
- After hearing of the shooting and the arrest of Gauthier that day, Normand and a friend travelled to Gauthier's apartment and removed the guns Normand had purchased from Gauthier's room so that Normand would not "get caught up in it."
- He knew he should not have bought the gun for Gauthier and he knew it was wrong to do so.

4. <u>Penalties, Special Assessment and Restitution</u>.

The defendant understands that the penalties for Count One is:

    A.    A maximum prison term of 10 years;

    B.    A maximum fine of $250,000.00 (18 U.S.C. §3571); and

    C.    A term of supervised release of not more than 3 years. The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release (18 U.S.C. §3583).

The defendant also understands that he will be required to pay a special assessment of $100 for each count of conviction, at or before the time of sentencing; and that the Court may order him to pay restitution to the victim of the offense, pursuant to 18 U.S.C. § 3663 or § 3663A.

5. <u>Sentencing and Application of the Sentencing Guidelines</u>.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. The defendant further understands that he has no right to withdraw his guilty plea if the applicable advisory guideline range or his sentence is other than he anticipated, except as

4

expressly provided in this Plea Agreement.

The defendant also understands that the United States and the United States Probation Office shall:

A. Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

B. Respond to questions from the Court;

C. Correct any inaccuracies in the pre-sentence report;

D. Respond to any statements made by him or his counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range within the advisory Sentencing Guidelines that he may have received from any source is only a prediction and not a promise, and is not binding on the United States, the Probation Office, or the Court, except as expressly provided in this Plea Agreement.

6. <u>Sentencing Stipulations and Agreements</u>.

The government and the defendant agree to the following:

A. The defendant agrees that the BOL is 14 since he was a prohibited person at the time of the offense by virtue of drug use.

B. The defendant agrees that a specific offense adjustment of two levels be added to the BOL since three firearms were involved in the offense.

C.  The government agrees to recommend a sentence at the low end of the applicable guideline sentencing range.

The defendant understands that the Court is not bound by the foregoing agreements and, with the aid of a pre-sentence report, the court will determine the facts relevant to sentencing. The defendant also understands that if the Court does not accept any or all those agreements, such rejection by the Court will not be a basis for the defendant to withdraw his guilty plea.

The United States and the defendant are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

7. Acceptance of Responsibility.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

- A. Fails to admit a complete factual basis for the plea at the time he is sentenced or at any other time;
- B. Challenges the United States' offer of proof at any time after the plea is entered;
- C. Denies involvement in the offense;
- D. Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E. Fails to give complete and accurate information about his financial status to the Probation Office;

F. Obstructs or attempts to obstruct justice, prior to sentencing;

G. Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

H. Fails to appear in court as required;

I. After signing this Plea Agreement, engages in additional criminal conduct; or

J. Attempts to withdraw his guilty plea.

The defendant understands and agrees that he may not withdraw his guilty plea if, for any of the reasons listed above, the United States does not recommend that he receive credit for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that he has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and he has assisted the United States in the investigation or prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

8. Waiver of Trial Rights and Consequences of Plea.

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him. The defendant

also understands that he has the right:

- A. To plead not guilty or to maintain that plea if it has already been made;
- B. To be tried by a jury and, at that trial, to the assistance of counsel;
- C. To confront and cross-examine witnesses;
- D. Not to be compelled to provide testimony that may incriminate him; and
- E. To compulsory process for the attendance of witnesses to testify in his defense.

The defendant understands and agrees that by pleading guilty he waives and gives up the foregoing rights and that upon the Court's acceptance of the his guilty plea, he will not be entitled to a trial.

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers will be used against him in a prosecution for perjury or making false statements.

9. Acknowledgment of Guilt; Voluntariness of Plea.

The defendant understands and acknowledges that he:

- A. Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because he is guilty;
- B. Is entering into this Plea Agreement without reliance upon any promise of benefit of any kind except as set forth in this Plea Agreement;
- C. Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

8

    D.        Understands the nature of the offense to which he is pleading guilty, including the penalties provided by law; and

    E.        Is completely satisfied with the representation and advice received from his undersigned attorney.

10. <u>Scope of Agreement</u>.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority. The defendant also acknowledges that no representations have been made to him about any civil or administrative consequences that may result from the his guilty plea. The defendant understands such matters are solely within the discretion of the specific non-party government agency involved. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11. <u>Collateral Consequences</u>.

The defendant understands that as a consequence of his guilty plea he will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

12. <u>Satisfaction of Federal Criminal Liability; Breach</u>.

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal liability in the District of New Hampshire [and Maine] arising from his participation in the conduct that forms the basis of the information in this case. The defendant understands that if, before sentencing, he violates any term or condition of this Plea Agreement, engages in any criminal activity, or fails to appear for sentencing, the United States may consider such conduct to be a breach of the Plea Agreement and may withdraw therefrom.

13. <u>Waivers</u>.

A.     Appeal.

The defendant understands that he has the right to challenge his guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and voluntarily waives his right to challenge on direct appeal:

1. His guilty plea, except as provided below, and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; and
2. The sentence imposed by the Court if within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel in the negotiation of this Plea Agreement or at the sentencing hearing.

B. Collateral Review

The defendant understands that he may have the right to challenge his guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255. By entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to collaterally challenge:

1. His guilty plea, except as provided below, and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; and
2. The sentence imposed by the Court if within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his right to collateral review does not operate to waive a collateral

challenge to his guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel in the negotiation of the Plea, Plea Agreement or the sentencing hearing. The defendant's waiver of his right collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

C. Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case(s) underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D. Appeal by the Government

Noting in this Plea Agreement shall operate to waive the rights or obligations of the Government pursuant to pursue an appeal s authorized by law.

14.     Forfeiture of Assets.

Pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), defendant agrees to forfeit to the United States immediately and voluntarily, his interest, if any, in any firearm and ammunition involved or used in the commission of the offenses, including, but not limited to: the firearms described in Count 1 and any ammunition seized with them.

The defendant agrees and consents to the forfeiture of his interest, if any, in these assets pursuant to any criminal, civil and/or administrative forfeiture action brought to forfeit these properties. None of the forfeitures set forth in this section shall be deemed to satisfy or offset

any fine, restitution, cost of imprisonment, or other penalty imposed upon the defendant, nor shall the forfeitures be used to offset the defendant's tax liability or any other debt owed by the defendant to the United States.

The defendant agrees to waive all constitutional, statutory, and any other challenges in any manner, including, without limitation, by direct appeal and/or habeas corpus, to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including the following: (1) the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the U.S. Constitution; (2) failure to comply with any and all requirements of Fed. R. Crim. P. 11(b)(1)(J) pertaining to the Court's advice at the change of plea hearing; and, (3) failure to comply with any and all requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case. The defendant waives and releases any and all claims he may have to any property seized by the United States, or any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, whether forfeited or not. The defendant agrees to hold the United States, its agents, and employees, and any state or local law enforcement agency participating in the investigation and prosecution of this case, harmless from any claims whatsoever in connection with the seizure and forfeiture, as well as the seizure, detention and return of any property in connection with the investigation and prosecution of this case.

The defendant acknowledges that all property to be forfeited under this section is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1).

15. <u>No Other Promises</u>.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

16. <u>Final Binding Agreement</u>.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

17. <u>Agreement Provisions Not Severable</u>.

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

Date: November 20 2013

JOHN P. KACAVAS
United States Attorney

By: _____
Robert J. Veiga
Assistant U.S. Attorney
Bar #2619
53 Pleasant St., 4th Floor
Concord, NH 03301

The defendant, Ryan Normand, certifies that he has read this 13 page Plea Agreement and that he fully understands and accepts its terms.

Date: November 20 2013

Ryan Normand, Defendant

I have read and explained this 13 page Plea Agreement to the defendant, and he has advised me that he understands and accepts its terms.

Date: November 20 2013

Michael Iacopino, Esquire

13